UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRIAN J. TALBOT,

               Petitioner,

v.                                            CIVIL ACTION NO.: 2:23cv87

CHADWICK DOTSON,
Director of the Virginia
Department of Corrections,

               Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Brian J. Talbot's ("Petitioner") Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, Petitioner's Motion to Grant Relief, ECF No. 30, and Respondent Chadwick Dotson's ("Respondent") Motion to Dismiss, Roseboro Notice, and accompanying memorandum in support. ECF Nos. 23–25. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(j). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 23, be **GRANTED**, Petitioner's Motion to Grant Relief, ECF No. 30, be **DENIED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2019, Petitioner pleaded guilty in Virginia Beach Circuit Court, pursuant to a plea agreement, to rape of a victim under the age of thirteen. ECF No. 25, attach. 1 at 5–6. As part of the plea process, Petitioner completed a questionnaire that advised him of his rights and the consequences of pleading guilty. *Id.* at 2–4. Petitioner initialed each page of the questionnaire and signed the final page. *Id.* He also signed the final page of the plea agreement and the stipulation of facts. *Id.* at 1, 6.

At the plea hearing, Petitioner confirmed he understood the charges pending against him and reported that he had sufficient time to discuss the charges and their elements, along with any defenses, with his lawyer. *See, e.g., id.*, attach. 2 at 3:14–24. Petitioner conceded he was entering the plea freely and voluntarily, and that he was pleading guilty because he was, in fact, guilty of the offense. *Id.* at 4:3–16. He also acknowledged the rights he was waiving by pleading guilty, including his right to cross-examine witnesses and his right to proceed with a jury trial. *See, e.g., id.* at 4:17–5:11. Petitioner further stated that he was satisfied with defense counsel. *Id.* at 6:25–7:2. After the colloquy, the state judge found Petitioner had "freely and voluntarily, albeit reluctantly" entered a guilty plea, and accepted his plea, finding him "guilty as charged." *Id.* at 7:20–25.

A month after the plea hearing, Petitioner fired his lawyer and hired new counsel, who filed a motion to withdraw his guilty plea. *Id.* at 15:1–8. The state trial court held a hearing on defense counsel's motion, at which Petitioner testified that his previous attorney failed to properly investigate potential defenses, failed to educate him on criminal law and procedure, and pushed him into pleading guilty. *Id.* at 28:1–29:1, 39:5–40:11. The state judge denied the motion to withdraw the guilty plea and ultimately sentenced Petitioner to twenty years of incarceration, with

2

ten years suspended. *Id.* at 47:10–12; ECF No. 25 at 3. Petitioner appealed to the Court of Appeals of Virginia, ECF No. 25, attach. 4 at 4, and on November 20, 2020, that appeal was denied pursuant to a per curium order, *id.* at 56–60. Petitioner next sought to have a three-judge panel of the Court of Appeals of Virginia review his appeal, but that request was similarly rejected. *Id.* at 64. In January of 2021, Petitioner further appealed to the Supreme Court of Virginia, which also rejected his attempt to seek relief. *Id.* at 66. Finally, Petitioner appealed to the United States Supreme Court and was similarly denied relief. *Talbot v. Virginia*, 142 S. Ct. 1214 (2022).

On July 25, 2022, Petitioner filed a petition for writ of habeas corpus in Virginia Beach Circuit Court raising ineffective assistance of counsel by his original attorney on three main grounds. ECF No. 25, attach. 5 at 12. Petitioner alleged that counsel:

(a) "failed to investigate, develop or articulate a plan to defend [Petitioner]";

(b) "failed to obtain a medical expert or any other expert"; and

(c) "failed to educate [Petitioner] as to critical aspects of criminal law."

*Id.* On November 3, 2022, the Virginia Beach Circuit Court dismissed the petition, finding Petitioner's claims without merit. *Id.* at 1–6. Petitioner appealed to the Virginia Supreme Court, but they too denied relief. *Id.*, attach. 3 at 110.

Petitioner filed the instant Petition for federal habeas relief on March 10, 2023, alleging ineffective assistance of counsel on the following three grounds:

(1) that his original defense counsel "failed to investigate, develop, or articulate a plan to defend [Petitioner] from felony conviction at jury trial";

(2) that counsel "failed to obtain a medical expert or any other expert to testify in petitioner's defense at jury trial" specifically failing "to inform petitioner of critical

information regarding potential testimony from expert psychologist regarding

'repressed memory'"; and

(3) that counsel "failed to inform/educate petitioner as to critical aspects of criminal

law or judicial procedure," specifically "the benefits of a preliminary hearing," the

"availability of motions," especially a "motion to strike" or for a "directed verdict,"

and "the full consequences of conviction" including "that a plea (conviction) could

be used" in a later proceeding "to prejudice jurors against petitioner."

ECF No. 1 at 5–8.  On November 17, 2023, Respondent filed a Motion to Dismiss, a memorandum

in support, and Roseboro Notice.  ECF Nos. 23–25.  Instead of filing an opposition to Respondent's

Motion to Dismiss, Petitioner filed a Motion to Grant Relief.  ECF No. 30.  Petitioner's Motion to

Grant Relief raises many of the same points as the original Petition, but it also responds to

Respondent's Motion to Dismiss, so the Court will also construe the Motion to Grant Relief as an

opposition brief.  Accordingly, the Petition, ECF No. 1, the Motion to Grant Relief, ECF No. 30,

and the Motion to Dismiss, ECF No. 23, are now ripe for recommended disposition.

## II.    DISCUSSION

A. Exhaustion and Procedural Default

Before considering the merits of a federal habeas petition, the Court must make a

preliminary inquiry into whether Petitioner appropriately exhausted the claims asserted in the

Petition, and/or whether Petitioner has procedurally defaulted on his claims such that they are

simultaneously exhausted and defaulted for purposes of federal habeas review.

*1. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the

ground that his custody violates the "Constitution or laws or treaties of the United States."  28

4

U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* The exhaustion requirement is satisfied if the prisoner fairly presents his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). Fair presentation requires a petitioner to: (1) present the same claims (2) to all appropriate state courts. *See Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)). Presenting the same claim requires including "'both the operative facts and the controlling legal principles' associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of*

*Corr.*, No. 1:14cv1581, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

### 2. Procedural Default

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice.") (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)) (internal citations omitted). As the Supreme Court observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 582 U.S. 521, 527–28 (2017).

Additionally, a petitioner seeking federal habeas relief procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). Under these circumstances, the claim is considered simultaneously exhausted and procedurally defaulted so long as "it is clear that the claim would be procedurally barred under state law if the

petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996). Importantly, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," a federal court may not review the simultaneously exhausted and procedurally defaulted claim. *Id.* (quoting *Gray*, 518 U.S. at 162).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice, such as actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 582 U.S. at 528 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, No. 1:15cv781, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 583 U.S. 888 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

*3. Subparts of Claim 3 are Simultaneously Exhausted and Procedurally Defaulted*

Respondent concedes that Petitioner's first two claims are properly exhausted because he presented them to the Supreme Court of Virginia in his petition for appeal. ECF No. 25 at 6. However, Respondent argues that Petitioner failed to exhaust certain subparts of Claim 3, specifically Petitioner's allegation regarding preliminary hearings and motions. *Id.* at 19.

In his direct appeal, Petitioner assigned error to the trial court, alleging that "there was a good faith basis for entering and later seeking to withdraw his guilty plea and also presented a legitimate defense as a reasonable basis for putting the case before the trier of fact." ECF No. 25, attach. 4 at 8.  Appellate counsel explained that "Appellant did not have an understanding of trial procedures or what to expect if he went to trial," "Appellant did not sufficiently understand the reasonable doubt standard," "Appellant's attorney did not explain to him what a motion to strike was or when they could be made, nor did he explain a motion for a directed verdict." *Id.* at 9.  In a per curium order, the Court of Appeals of Virginia rejected Petitioner's argument, noting that:

> Although [Petitioner] testified that his attorney did not fully explain the trial process to him . . . the trial court was entitled to reject his testimony.  As [Petitioner] himself admitted, he was granted a recess to deliberate further before deciding whether to enter a guilty plea.  Further, in addition to the written plea agreement, the written stipulation, and the plea questionnaire executed by the appellant, the trial court engaged in a careful colloquy with appellant before accepting his plea.

*Id.* at 59 (internal citations omitted).  Petitioner then appealed to the Virginia Supreme Court, arguing that the:

> Virginia Court of Appeals erred when it upheld the trial court's denial of Appellant's guilty plea because Appellant's guilty plea was entered in good faith, inadvisedly, with undue influence and surprise, and Appellant proffered a reasonable defense to present to the trier of fact that is not merely dilatory or formal.

Petition for Appeal, *Talbot v. Commonwealth*, No. 0453-20-1, at 5 (Va. Jan 15, 2021).[1]  In support of that assignment of error, Petitioner alleged that he "did not understand trial procedures or what to expect if he went to trial." *Id.* at 6.  He further contends that defense counsel "did not explain to him what a motion to strike was or when they could be made, nor did he explain a motion for a directed verdict." *Id.*  The Supreme Court of Virginia refused the petition for appeal.  ECF No. 25, attach. 4 at 66.

In his state habeas appeal to the Virginia Supreme Court, Petitioner alleged in relevant part that:

> (1) counsel "failed to investigate, develop or articulate a plan to defend [Petitioner] meaning that he failed to use his skills in any way whatsoever to defend petitioner from a conviction";
> (2) counsel "failed to warn/inform petitioner that his plea conviction (from 2019 case CR19-982) could legally be used against him in a subsequent proceeding to prejudice the minds of jurors."

ECF No. 25, attach. 3 at 12–13.  The  instant Claim 3 is that defense counsel:

> [F]ailed to inform/educate petitioner as to critical aspects of criminal law or judicial procedure . . . failed to educate petitioner as to the benefits of a preliminary hearing, esp[ecially] to get accuser on the stand, failed to inform of the availability of motions, esp[ecially] motion to strike or motion for directed verdict, failed to inform of full consequences of conviction, esp[ecially] failed to inform that a plea (conviction) could be used in later proceeding by prosecutors to prejudice jurors against petitioner, something that DID in fact occur Dec. 19-21, 2022 in a new false allegation.

ECF No. 1 at 8.

Petitioner's allegation regarding his original attorney's failure to educate him as to the benefits of a preliminary hearing was not fairly presented to the Virginia Supreme Court on either direct appeal or in a collateral proceeding, and thus, Petitioner failed to exhaust that component. *See Anderson*, 459 U.S. at 6 ("It is not enough that all the facts necessary to support the federal

---

[1] Neither party electronically filed Petitioner's appeal to the Virginia Supreme Court.

claim were before the state courts, or that a somewhat similar state-law claim was made.") (internal citations omitted).

Moreover, if Petitioner were to present the preliminary hearing subpart of Claim 3 in a new state habeas petition to the Supreme Court of Virginia, it would be procedurally barred as both untimely under Virginia Code § 8.01-654(A)(2), and successive under Virginia Code § 8.01-654(B)(2). Both Virginia Code § 8.01-654(A)(2) and Virginia Code § 8.01-654(B)(2) constitute adequate and independent state-law grounds for decision. *Sparrow*, 439 F. Supp. 2d at 587–88 (Va. Code Ann. § 8.01-654(A)(2) is an independent and adequate state procedural rule); *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (Va. Code Ann. § 8.01-654(B)(2) is an independent and adequate state procedural rule). Accordingly, the portion of Claim 3 that alleges that Petitioner's counsel "failed to educate petitioner as to critical aspects of criminal law or judicial procedure," specifically as to "the benefits of a preliminary hearing," is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

As noted, Petitioner may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris*, 489 U.S. at 262). "[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray*, 477 U.S. at 488). Here, Petitioner offers no argument or evidence that some objective factor impeded his ability to comply with the state procedural rules regarding appellate review. Therefore, Petitioner fails to overcome procedural default. *See id.* Absent cause, a prejudice analysis is unnecessary. *See Kornahrens v.*

10

*Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

Alternatively, Petitioner could overcome procedural default by claiming actual innocence. This is a high bar, one that the Court does not believe that Petitioner has met. *See, e.g.*, *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) ("Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually.") (internal citations omitted). A gateway claim requires a petitioner to present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). He must establish, "in light of all the evidence, old and new, it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt." *Hayes v. Carver*, 922 F.3d 212, 217 (4th Cir. 2019) (citing *Finch v. McKoy*, 914 F.3d 292, 298–99 (4th Cir. 2019)); *see also McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (stressing that this standard "is demanding"). Absent a sufficient assertion of actual innocence, or evidence supporting actual innocence, Petitioner cannot demonstrate a fundamental miscarriage of justice. *Royal v. Taylor*, 188 F.3d 239, 243–44 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*.'") (quoting *Schlup*, 513 U.S. at 327) (emphasis added).

Here, Petitioner offers Robert B. Michael, Ph.D.'s unsworn five-page expert report from an unrelated criminal case charging him with similar unlawful conduct as evidence supporting his actual innocence. ECF No. 1, attach. 1 at 1–6. The Court finds this is insufficient to show that it is more likely than not that "no reasonable juror would have convicted him in light of the new

11

evidence." *See Royal*, 188 F.3d at 243–44; *Childs v. Commonwealth of Virginia,* No. 3:21cv695, 2023 WL 7546633, at *6 (E.D. Va. Nov. 13, 2023) (quoting *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit; [a] defendant cannot simply state that the testimony would have been favorable; selfserving speculation will not sustain an ineffective assistance claim.")).

Finally, despite not being raised by Petitioner, the Court finds that Petitioner's ineffective assistance of counsel claims do not qualify under the "narrow exception" recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012), which would permit review of a defaulted claim.   In relevant part, *Martinez* held that "a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if . . . the ineffective-assistance-of-trial-counsel claim is a substantial one." *Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (internal citations and quotations omitted).  The question of whether a claim is "substantial" is governed by *Strickland v. Washington*, 466 U.S. 668 (1984), and a petitioner bears the burden of showing that his counsel's performance was deficient and that as a result, he suffered prejudice.  *Fowler,* 753 F.3d at 459, 462–63.  Here, Petitioner's defaulted ineffective assistance of counsel claim regarding preliminary hearings is not "substantial," and as such, he has not met his burden to show cause for the default.  *Martinez,* 566 U.S. at 14 (requiring that petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit") (citation omitted).

Accordingly, the undersigned **FINDS** that the portion of Claim 3 that alleges that Petitioner's counsel "failed to educate petitioner as to critical aspects of criminal law or judicial

12

procedure," regarding "the benefits of a preliminary hearing" is simultaneously exhausted and procedurally defaulted, and thus, should be dismissed.

B. <u>Standards of Review on Merits of Remaining Claims</u>

    *1. 28 U.S.C. § 2254(d)*

Habeas relief is warranted only if Petitioner can demonstrate that the adjudication of each of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, federal habeas relief is precluded, so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA,[2] § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further."). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404–05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

13

cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405–06. This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Id.* at 407–08; *see also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court."); *see also Williams*, 529 U.S. at 412–13 (explaining that the Court independently reviews whether that decision satisfies either standard). Thus, it is this Court's obligation to focus on "the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

Because the Virginia Beach Circuit Court's opinion denying Petitioner's habeas relief is the last reasoned state court opinion addressing his ineffective assistance of counsel claims, this

14

Court "look[s] through" the Supreme Court of Virginia's summary denial to the trial court's reasoning. *See Wilson v. Sellers*, 584 U.S. 122, 128–30 (2018). In undertaking such review, this Court is mindful that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 2. *Ineffective Assistance of Counsel*

Generally, to have been entitled to habeas relief in state court for ineffective assistance of counsel claims under the Sixth Amendment, Petitioner had to show both that his defense counsel provided deficient assistance, and that he was prejudiced as a result of counsel's deficiency. *Strickland*, 466 U.S. at 700 (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong). First, to establish deficient performance, Petitioner was required to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688–89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, the prejudice inquiry shifts to showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Surmounting *Strickland*'s high bar is never an easy task," and "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" and instead "look to contemporaneous evidence to substantiate a defendant's express preferences." *Lee v. United States*, 582 U.S. 357, 368–69 (2017).

15

The United States Supreme Court summarized the high bar faced by petitioners in a federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of counsel claims were previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 562 U.S. at 122–23 (internal citations omitted); *see also Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) ("Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . [petitioner's] ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (per curiam)).  To be sure, the "[f]ailure to raise a meritless argument can never amount to ineffective assistance." *Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)).

With these principles in mind, the undersigned now turns to the merits of the remaining claims in the Petition.

C. Facts and Findings of Law

   1. *Claim 1*

In Claim 1 of the Petition, Petitioner alleges that his first lawyer "failed to investigate, develop, or articulate a plan to defend [Petitioner] from felony conviction at jury trial." ECF No. 1 at 5.  Specifically, in support of Claim 1 Petitioner submits that counsel "failed to use his skills or knowledge in any way whatsoever" and that because Petitioner "knew that the Commonwealth

had literally zero physical evidence against him (as is always the case in false allegations), he simply needed his attorney to say the words necessary during examination to expose the extreme frailty of the Commonwealth's case, based on a mere allegation." *Id.* at 21. Petitioner alleges that but for trial counsel's ineffective assistance, he would have proceeded with a jury trial. *Id.* at 19–23.

During the underlying proceedings, the trial court denied Petitioner's motion to withdraw his guilty plea following a hearing. ECF No. 25, attach. 2 at 47:10–11. On direct appeal, Petitioner's newly hired attorney assigned error to the trial court's denial, alleging that the court abused its discretion when there was a "good faith basis for entering and later seeking to withdraw his guilty plea and also presented a legitimate defense as a reasonable basis for putting the case before the trier of fact." *Id.*, attach. 4 at 8. Petitioner's appellate lawyer alleged that trial counsel spoke to Petitioner four times prior to the plea hearing. *Id.* at 9. He further contended that on the day of the plea hearing, trial counsel spoke to Petitioner and stated that "he had no defense at all, and told [Petitioner] the prosecutor was going to try to give him life in prison." *Id.*

During his state habeas proceeding, Petitioner raised the instant claim as "Ground A" and argued that trial counsel was ineffective for failing "to investigate, develop or articulate a plan to defend" him. *Id.*, attach. 5 at 12. There, Petitioner alleged trial counsel "never made any meaningful attempt to investigate a line of defense," and "failed to investigate witnesses." *Id.* at 14.

In reviewing Petitioner's state habeas petition, the Supreme Court of Virginia issued a summary denial of Petitioner's claim. *Id.*, attach. 3 at 110. As such, this Court "looks through" to the last reasoned decision, here, the habeas court's opinion. *See Currica v. Miller*, 70 F.4th 718,

724 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 525, (2023) (citing *Wilson*, 584 U.S. at 125).   The

habeas court opined that:

> At his guilty plea hearing, the petitioner affirmed he had had enough time to discuss
> the charges, the elements, and any possible defenses with his attorney.   The
> petitioner affirmed he had decided for himself to plead guilty and that it was in his
> best interest, and that he was pleading guilty freely and voluntarily.   Petitioner
> affirmed that he understood he was waiving certain rights by pleading guilty, such
> as his right to a trial by jury, to confront and cross-examine witnesses, and to defend
> himself. The petitioner affirmed he understood his written plea agreement and all
> of his statements contained within the agreement were true.
>
> In the plea agreement, the petitioner affirmed he was represented by an attorney in
> this matter, and that he was satisfied with his services in representing him. The
> petitioner also affirmed in the plea agreement that no one had threatened, coerced
> or influenced him to plead guilty.
>
> The Court finds that the evidence again[st] petitioner was significant. The agreed
> stipulation stated that, had the matter proceeded, to trial the evidence would have
> demonstrated that on or about May 1, 2010, through June 30, 2010, the petitioner
> went into the victim's room at her grandparents' house. The petitioner undressed
> and sat with the victim on her bed. The petitioner removed the victim's underwear
> and told her that he loved her. The petitioner rubbed his penis between the victim's
> legs. The victim stated that it was painful and the petitioner ejaculated. The
> Petitioner told the victim not to tell because her cousins would be jealous. Petitioner
> gave victim some new art materials and told her that he loved her the best. In
> addition, under the plea agreement, petitioner received the benefit of a ten-year cap
> on a conviction that carried a potential maximum sentence of life imprisonment.
> The Court accordingly finds that Talbot has not offered a valid reason why he
> should be permitted to controvert these statements to the Court. Therefore, Talbot
> is bound by his representations to the Court. *See Anderson*, 222 Va. at 516, 281
> S.E.2d at 888. The Court finds that his claims thus necessarily fail to demonstrate
> either prong of the *Strickland* test.

ECF No. 25, attach. 5 at 5–6.

The undersigned finds that the habeas court was not unreasonable in finding that Petitioner

failed to satisfy *Strickland*'s demanding standard with respect to Claim 1. *See Premo*, 562 U.S. at

122–23 (quoting *Harrington*, 562 U.S. at 105 ("The question is whether there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard.").   In its analysis, the habeas

court emphasized Petitioner's statements at the guilty plea hearing, including that "he had decided

for himself to plead guilty and that it was in his best interest, and that he was pleading guilty freely and voluntarily," that "he understood his written plea agreement and all of his statements contained within the agreement were true," and "he was represented by an attorney in this matter, and that he was satisfied with his services in representing him." ECF No. 25, attach. 5 at 4–6. The habeas court also cited to a Supreme Court of Virginia case, *Anderson v. Warden*, 281 S.E.2d 885, 888 (Va. 1981), in support of its findings, noting that "a criminal defendant is bound by his statements at trial concerning the adequacy of his counsel and the voluntariness of his plea." *See id.* at 3–4. The habeas court also noted that "under the plea agreement, petitioner received the benefit of a ten-year cap on a conviction that carried a potential maximum sentence of life imprisonment." *Id.* at 5–6. Thus, the habeas court concluded that Petitioner's guilty plea was knowing and voluntary, and accordingly, Petitioner could not demonstrate counsel was ineffective for failing to "investigate, develop, or articulate a plan to defend [Petitioner] from felony conviction at jury trial."

Here, as in "any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.   Trial counsel "was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Harrington*, 562 U.S. at 107. Nothing in the record indicates that trial counsel was anything but not ineffective by advising Petitioner of the potential risks of going to trial. And as the habeas court noted, "the evidence again[st] petitioner was significant" and he received the benefit of a sentence recommendation to ten years of incarceration when the statutory maximum was life. ECF No. 25, attach. 5 at 4–6. Although Petitioner alleges trial counsel "failed to investigate, develop, or articulate a plan to defend [Petitioner] from felony

19

conviction at jury trial," ECF No. 1 at 5, the undersigned finds that the habeas court's ruling that trial counsel was not ineffective was not unreasonable or contrary to federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Moreover, the transcript of the plea hearing indicates that Petitioner was cognizant of the proceeding, was aware of the rights he was waiving, and was familiar with the consequences of pleading guilty. *See* ECF No. 25, attach. 2 at 2–8. Under federal law, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977); *Little v. Allsbrook*, 731 F.2d 238, 239–40 n.2 (4th Cir. 1984)). Because of the statements Petitioner made at his plea hearing, the habeas court's ruling that trial counsel was not ineffective by failing to "investigate, develop or articulate a plan" was not unreasonable or contrary to federal law or based on an unreasonable determination of the facts. Therefore, the undersigned **RECOMMENDS** that Claim 1 be **DENIED**.

### 2. *Claim 2*

In Claim 2 of the Petition, Petitioner argues that that his counsel "failed to obtain a medical expert or any other expert to testify in petitioner's defense at jury trial." ECF No. 1 at 7. In support of this Claim, Petitioner alleges that after firing his original trial counsel, his new lawyer:

> acted on the subject of expert testimony by searching, then contacting expert, Dr. Robert B. Michael, associate professor of psychology at the University of Louisiana, who is a published expert on the science of memory, including "repressed memory." Dr. Michael expressed his willingness and ability to come to testify in court on appellant's behalf.

*Id.* at 17–18.

20

During the underlying proceedings, the trial court denied Petitioner's motion to withdraw his guilty plea following a hearing. ECF No. 25, attach. 2 at 47:10–11. On direct appeal, counsel assigned error to the trial court's denial, alleging that the trial court abused its discretion when "there was a good faith basis for entering and later seeking to withdraw his guilty plea and also presented a legitimate defense as a reasonable basis for putting the case before the trier of fact." *Id.*, attach. 4 at 8. At the hearing on Petitioner's motion to withdraw his guilty plea, Petitioner's new counsel proffered two defenses: (1) an admittedly incomplete alibi and (2) expert testimony regarding "how repressed memories of the alleged victim can affect the accuracy of the victim's identification of the Appellant as the perpetrator." *Id.* at 11. Further, new counsel "proffered that he had been in contact with two expert witnesses, Robert Michael and Jeffrey Freedan, who were willing and able to come to court and testify about repressed memories and how they can alter a victim's perception of who sexually assaulted them or alter other specifics about the events that allegedly took place." *Id.* The trial court denied Petitioner's motion to withdraw his guilty plea and ultimately sentenced him to ten years of incarceration. *Id.*, attach. 1.

During his state habeas proceeding, Petitioner raised this claim as "Ground B" and argued that trial counsel was ineffective for failing "to obtain a medical expert or any other expert." *Id.*, attach. 5 at 12. Therein, Petitioner alleged that trial counsel spoke to one of Petitioner's friends who had shared "key information" with trial counsel, who "told her that he would share the information with me, but he never did. As I recall, it was related to obtaining an expert." *Id.* at 15. Petitioner did not include an affidavit from any expert in his state habeas petition, nor did he

identify, beyond "medical," what specific expert testimony would be relevant to his defense or what testimony an expert would actually offer.[3]

The habeas court found this claim failed under the test outlined in *Strickland*, explaining:

> Petitioner's claim fails because petitioner has not demonstrated that there was any valuable testimony that could have been offered. The petitioner failed to proffer sworn testimony from any expert regarding this defense. *See Muhammad v. Warden of the Sussex I State Prison,* 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) (denying relief where petitioner failed to proffer affidavits regarding expert witnesses expected testimony). In order to carry his burden, the proffered "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit; [a] defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991).

*See* ECF No. 25, attach. 5 at 4–5.

On appeal, the Supreme Court of Virginia issued a summary denial of Petitioner's state habeas petition. *Id.*, attach. 3 at 110. As such, this Court "looks through" to the last reasoned decision, here, the habeas court's opinion. *See Currica,* 70 F.4th at 724 (citing *Wilson,* 584 U.S. at 125).

The undersigned finds that the habeas court was not unreasonable in finding that Petitioner failed to satisfy *Strickland's* high standard with respect to Claim 2. At the state habeas level, Petitioner failed to proffer actual testimony or an affidavit with his state habeas petition. *See* ECF No. 25, attach. 5. He also failed to even identify the type of expert testimony that would assist his defense, what that expert would testify to, and how that testimony would have been favorable to his defense. *See id.* Because Petitioner did not provide any explanation of the type of testimony an expert would provide, it was not unreasonable or contrary to federal law for the habeas court to

---

[3] Even in the trial court, when Petitioner sought to withdraw his guilty plea, he only suggested that an expert in repressed memories could testify on his behalf, without offering any proffer as to what that person might have specifically testified to based on the evidence in his case.

find Petitioner did not meet *Strickland*'s standard. *See Muhammad v. Warden of the Sussex I State Prison,* 646 S.E.2d 182, 195 (Va. 2007), *cert. denied,* 552 U.S. 13619 (requiring a petitioner to provide detail regarding an expert witness' testimony); *Ashimi*, 932 F.2d at 650 (noting "defendant cannot simply state that the testimony would have been favorable").

While it is clear that a federal court reviewing a habeas petition must "look through" to the last reasoned opinion, *Currica*, 70 F.4th at 724 (citing *Wilson*, 584 U.S. at 125), this case presents somewhat unusual circumstances. As noted above, at the state habeas court Petitioner failed to include any specific information at all regarding expert testimony. However, when Petitioner appealed the habeas court's order to the Virginia Supreme Court, he included additional information regarding the expert testimony he alleges trial counsel was ineffective for failing to obtain. *See* ECF No. 25, attach. 3 at 41–45. That testimony consisted of a five-page expert report from Robert Michael, Ph.D., submitted in another of Petitioner's criminal cases providing general information on human memory and a few "certain factors" that may have "influenced the complainant's memory." *Id.* at 43. This expert report was apparently prepared by Dr. Michael in advance of an unrelated criminal case that charged Petitioner with similar misconduct. *See id.* at 41–45. In preparation for report, Dr. Michael notes he was provided with copies of several documents, only a few of which pertain to the instant underlying offense. *See id.* Thus, to the extent necessary, the undersigned will consider the Supreme Court of Virginia's summary denial as well.

The Virginia Supreme Court issued a summary denial of Petitioner's habeas appeal. *Id.* at 110. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99.

Although the Virginia Supreme Court did not provide a reasoned opinion, this Court presumes, based on its statement, that it adjudicated Petitioner's claims on the merits and reviewed the record as a whole, including the newly attached expert report. ECF No. 25, attach. 3 at 110 ("*Upon review of the record* in this case and consideration of the argument submitted in support of the granting of an appeal, the Court is of the opinion there is no reversible error in the judgment complained of. Accordingly, the Court refuses the petition for appeal.") (emphasis added). The Virginia Supreme Court, reviewing the record before it did not find trial counsel was ineffective for failing to obtain a medical expert or any other expert. *See id.*

It was not unreasonable or contrary to federal law for the Virginia Supreme Court to affirm the habeas court's finding that counsel was not ineffective under *Strickland*. Trial counsel's decision to not obtain an expert does not rise to the level of ineffective assistance of counsel. "[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney." *Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008); *Waterhouse v. Hatch*, 498 F. App'x 811, 813 (10th Cir. 2012) (unpublished) (finding defense counsel's decision not to introduce expert witness on minor victim's credibility was not ineffective where "the potential value of such expert testimony would be speculative"). The proposed testimony consisted not of an affidavit but instead a five-page unsworn expert report from Dr. Michael. *See* ECF No. 25, attach. 3 at 41–45. That expert report was submitted in another of Petitioner's criminal cases and was not specific to the instant underlying case. *See id.* There is no evidence that the specific memory factors from *the other* case would be relevant to the victim in *this* case. *See id.* Petitioner himself describes the other case as "a separate, subsequent allegation" that was "made against me by a different alleged victim." *Id.*, attach. 5 at 16. Because neither court's application of *Strickland* was unreasonable or contrary to federal law, the undersigned **RECOMMENDS** that Claim 2 be **DENIED**.

### 3. *Claim 3*

In Claim 3 of the Petition, Petitioner alleges that trial counsel "failed to educate petitioner as to critical aspects of criminal law or judicial procedure," specifically the "availability of motions," especially a "motion to strike" or for a "directed verdict," and "the full consequences of conviction" including "that a plea (conviction) could be used" in a later proceeding "to prejudice jurors against petitioner." ECF No. 1 at 8.

As noted above, during the underlying proceedings the trial court denied Petitioner's motion to withdraw his guilty plea following a hearing. ECF No. 25, attach. 2 at 47:10–11. On direct appeal, counsel assigned error to the trial court's denial of Petitioner's motion to withdraw his guilty plea, alleging that the trial court abused its discretion when "there was a good faith basis for entering and later seeking to withdraw his guilty plea and also presented a legitimate defense as a reasonable basis for putting the case before the trier of fact." *Id.*, attach. 4 at 8. Counsel explained that "Appellant did not have an understanding of trial procedures or what to expect if he went to trial," "Appellant did not sufficiently understand the reasonable doubt standard," "Appellant's attorney did not explain to him what a motion to strike was or when they could be made, nor did he explain a motion for a directed verdict." *Id.* at 9.

During his state habeas proceeding, Petitioner raised this claim as Ground 3, arguing that trial counsel "failed to educate [him] as to critical aspects of criminal law" including "of the risk that a plea (conviction) could result in the Commonwealth using the conviction against [him] by actually prejudicing jurors against me in a later trial in the case that a separate, subsequent allegation were made against me by a different alleged victim." *Id.*, attach. 5 at 16. Petitioner also alleged that counsel failed to notify him about the "availability of 'motions' such as [a motion to]

(1) strike at jury trial, (2) set aside the verdict, or (3) reduce the number of days when the alleged crime was alleged to have occurred." *Id.* at 17.

In reviewing Petitioner's state habeas petition, the habeas court found the claim failed under the test outlined in *Strickland*. As detailed *supra*, that court reviewed the entirety of the record before it, including the written forms and statements Petitioner made during his plea hearing, including that he discussed the charges, elements, and potential defenses with his lawyer and acknowledged that he was pleading guilty freely and voluntarily. *Id.*, attach. 5 at 5. He confirmed that he was represented by counsel and that he was satisfied with that representation. *Id.* The habeas court further based its dismissal on Virginia law, citing *Anderson*, 281 S.E.2d at 888, in support of its findings noting that "a criminal defendant is bound by his statements at trial concerning the adequacy of his counsel and the voluntariness of his plea." *Id.* at 3–4. Thus, the habeas court concluded that Petitioner's guilty plea was knowing and voluntary, and accordingly, Petitioner could not demonstrate counsel was ineffective for failing to "educate [him] as to critical aspects of criminal law."

The undersigned finds that the habeas court was not unreasonable in finding that Petitioner failed to satisfy *Strickland's* demanding standard with respect to Claim 3. That court reviewed the entirety of the record, including Petitioner's statements that "he was represented by an attorney in this matter, and that he was satisfied with his services in representing him." *See id.* at 3–4. As discussed above, the record reflects that Petitioner's plea was voluntary and intelligent. At the hearing, Petitioner acknowledged he understood the proceeding, was aware of the rights he was waiving, and was cognizant of the consequences of pleading guilty. *See id.*, attach. 2 at 2–8. As part of the plea process, he acknowledged that "the conviction(s) resulting from your guilty plea(s) may carry a variety of consequences . . . ." *Id.*, attach 1 at 3. Under federal law, "[a]bsent clear

26

and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields*, 956 F.2d at 1299 (citing *Blackledge*, 431 U.S. at 74–75; *Little*, 731 F.2d at 239–40 n.2). Petitioner presents no evidence that his representations were not truthful or involuntary, and as such, he is bound by them.  Because of the statements Petitioner made at his plea hearing, the habeas court's ruling that trial counsel was not ineffective by failing to "to educate [him] as to critical aspects of criminal law" was not unreasonable or contrary to federal law or based on an unreasonable determination of the facts.  Therefore, the undersigned **RECOMMENDS** that Claim 3 be **DENIED**.

### III.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 23, be **GRANTED**, Petitioner's Motion to Grant Relief, ECF No. 30, be **DENIED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

### IV.   REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings of recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the

27

above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

July 12, 2024
Norfolk, Virginia

Lawrence R. Leonard
United States Magistrate Judge