IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRIAN J. TALBOT,

    Petitioner,

    v.                                         CIVIL ACTION NO. 2:23cv87

CHADWICK DOTSON,

    Respondent.

## FINAL ORDER

Before the Court is a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, Respondent's Motion to Dismiss, and Petitioner's Motion to Grant Relief. Petitioner, Brian J. Talbot, alleges violations of his federal rights pertaining to convictions in the Virginia Beach Circuit Court for rape of a victim under the age of thirteen, resulting in a sentence of twenty years incarceration, with ten years suspended. On July 12, 2024, Magistrate Judge Leonard issued a Report and Recommendation ("R&R") that recommended granting Respondent's Motion to Dismiss, denying the Petition, and dismissing the Petition with prejudice. ECF No. 31. Talbot timely objected.[1] Obj., ECF No. 32. For the reasons stated below, Talbot's objection will be OVERRULED, Respondent's Motion to Dismiss, ECF No. 23, will be GRANTED, Talbot's Motion to Grant Relief, ECF No. 30, will be DENIED, and the Petition, ECF No. 1, will be DENIED and DISMISSED WITH PREJUDICE.

Talbot raises several objections to the Report and Recommendation. Talbot asserts the

---

[1] The Court considers Petitioner's objections as filed on August 3, 2024, the date he certifies he placed the document in the prison's mailing system. *See* ECF No. 32 at 10; *Houston v. Lack*, 487 U.S. 266, 270–72 (1988) (explaining the prison mailbox rule). The Court received and docketed Petitioner's objections on August 19, 2024. ECF No. 32.

following errors: 1) review of his Petition by a Magistrate Judge violated his right to have a District Judge adjudicate his case; 2) neither the Magistrate Judge nor this Court should consider the Virginia Beach Circuit Court's decision for various reasons; and 3) certain new evidence should be considered by the Court.[2] Obj. at 1–9. The Court will consider each argument in turn.

1. <u>Objection to the Magistrate Judge's Authority to Issue Report and Recommendation</u>

Talbot's first objection centers around the authority of a United States Magistrate Judge to issue a Report and Recommendation and the Court's power to consider said Report and Recommendation. Talbot alleges that this review has "the purpose of circumventing [his] right to have a U.S. district judge review and adjudicate [his] case." Obj. at 1–2. Additionally, Talbot asserts that the Report and Recommendation "inevitably prejudices the United States district judge" and requests that "a United States district judge . . . adjudicate [his] case WITHOUT reading the recommendation." Obj. at 2, 6–7. The objection is overruled.

Congress has established a procedure by which a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, . . . of applications for posttrial relief made by individuals convicted of criminal offenses." 28 U.S.C. § 636(b)(1)(B); *see also* E.D. Va. Loc. Civ. R. 72. Here, the Court proceeded pursuant to this statute and the Court's local rules and referred the Petition to a Magistrate Judge for a report and recommendation. However, when a petition is referred for a report and recommendation, "the magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[2] Talbot's Objection contains eight separate points. The Court consolidates these points topically given that many of the grounds are duplicative.

determination remains with this court." *Estrada v. Witkowski,* 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber,* 423 U.S. 261, 270-–71 (1976)). Upon timely objection to a Magistrate Judge's report and recommendation, the Court "shall make a *de novo*[3] determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Having reviewed the matter *de novo*, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Given this Congressional authorization; the requirement to engage in *de novo* review on objection; and the Court's power to accept, reject, or modify recommendations, Talbot's objection is overruled.

    2.   <u>Objection to Consideration of the Circuit Court's Decision</u>

Talbot next challenges the Magistrate Judge's reliance on the Virginia Beach Circuit Court's decision denying Talbot's state habeas petition. Obj. at 3–5. This objection relates to Claims 1, 2, and 3 of the Petition in which Talbot alleges that his original lawyer was ineffective for failing to do certain things during Talbot's state prosecution. Pet. at 5–8. As the Magistrate Judge explained, because the Supreme Court of Virginia issued a summary denial of Talbot's claim, the Court "looks through" that decision to the last reasoned decision, which was the Virginia Beach Circuit Court's decision.[4] R&R at 17–18, 22–24; *see also Wilson v. Sellers*, 584 U.S. 122, 128–30 (2018). The Magistrate Judge summarized the Circuit Court's decision and concluded that

---

[3]    "*De novo*" means "anew." *De Novo*, BLACK'S LAW DICTIONARY (7th ed. 1999). In the context of this statute, it means that the District Court considers the issues objected to as if for the first time, without considering the Report and Recommendation.

[4]    As to Claim 2, the Magistrate Judge also considered the Virginia Supreme Court's denial of Talbot's habeas appeal. Talbot has not challenged the Magistrate Judge's analysis of that denial in any way. R&R at 23–24.

3

"the habeas court's ruling that trial counsel was not ineffective was not unreasonable or contrary to federal law or based on an unreasonable determination of the facts." R&R at 20, 24, 27.

Talbot does not challenge the Magistrate Judge's reasoning or recommendation directly, but instead argues, as referenced in his Petition, that the Circuit Court's Final Order dismissing his state habeas claim was deficient because the judge "simply signed the report that was prepared and preformatted for her [by the Virginia Assistant Attorney General] effectively denying and dismissing [Talbot's] state habeas without any indication that she had understanding of the content herself." R&R at 3; *see also* Pet. at 6.[5] Talbot argues that by signing the proposed order, there was "no indication that [the judge] even read or had any knowledge of grounds or arguments in [the state habeas claim]." Obj. at 3. This objection was not explicitly raised in Talbot's Petition as grounds for habeas relief, but the Court will address it regardless out of an abundance of caution.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "prohibits federal habeas relief for any claim *adjudicated on the merits in state court*, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011) (emphasis added). Where a claim was not adjudicated on the merits in state court, § 2254(d)'s deferential standard of review no longer applies. *See Thomas v. Davis*, 192 F.3d 445, 454–455 (4th Cir. 1999). The Court construes Talbot's arguments relating to the adoption of the proposed order as an objection that the claim was not "adjudicated on the merits in state court." *Id*. This objection is overruled.

Fourth Circuit precedent makes clear that the adoption of a proposed order is an

---

[5] Talbot also argues that the Circuit Court judge was prejudiced and had a conflict of interest having adjudicated his original motion to withdraw his plea for ineffective assistance of counsel. Obj. at 3. This argument was not raised in his Petition and is therefore waived. *See* Pet. at 5–8 (listing grounds).

4

adjudication on the merits. "[T]he disposition of a petitioner's constitutional claims [via the adoption of one party's proposed conclusions] is unquestionably an 'adjudication' by the state court." *Young v. Catoe*, 205 F.3d 750, 755 n.2 (4th Cir. 2000). Although a state court's adoption of the government's proposed order to dismiss a state habeas petition is not an "applaud[ed]" practice, it "does not provide any basis for applying *de novo* review." *Bell v. Ozmint*, 332 F.3d 229, 233 (4th Cir. 2003); *see also Jones v. GDCP Warden*, 753 F.3d 1171, 1183 (11th Cir. 2014) ("Considering that a summary disposition of a *Strickland* claim qualifies as an adjudication on the merits, we can discern no basis for saying that a state court's fuller explanation of its reasons—albeit reasons drafted for the court by the State—would not be entitled to AEDPA deference.") (citations omitted); *Burr v. Jackson*, 19 F.4th 395, 404–405 (4th Cir. 2021). For these reasons, the objection is overruled.

    3. <u>Objection to Lack of Consideration of Newly Discovered Email Conversations</u>

Talbot next contends that the Magistrate Judge should have considered a "newly discovered email conversation" uncovered by Talbot after the denial of his state habeas petition in the Virginia Beach Circuit Court but before his appeal to the Supreme Court of Virginia. Obj. at 1, 3–7. Talbot asserts that he requested the Supreme Court of Virginia to consider the evidence but that "they mistakenly denied that request." Obj. at 6. The Magistrate Judge did not err in declining to consider this evidence.

As explained in the Report and Recommendation, the Court, in evaluating a state court's habeas denial, "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011); *see also* R&R at 14–15. That record did not contain Talbot's attached email conversations and statement from Talbot's friend. ECF No. 5 at 4–11. For that reason, the evidence should not be considered by this Court. *See Dane*

*v. Clark*, No. 1:21cv854, 2022 WL 732235, at *6 (E.D. Va. Mar. 9, 2022) (noting that the Fourth Circuit has "found that the reasonableness of a state court decision is evaluated in light of the evidence presented in the State court proceeding") (internal quotation marks and citation omitted). The objection is overruled.

    4.  <u>Request for Evidentiary Hearing and Expansion of Record</u>

Talbot also appears to request that the Court expand the state-court record by considering the email conversation and by conducting an evidentiary hearing. Obj. at 9. Talbot requests that the Court "grant [him] an evidentiary hearing" and alleges that "[a] hearing is critical at this point." Obj. at 9. Neither is appropriate in this case. "[T]he standard to expand the state-court record is a stringent one." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). Generally, AEDPA "bars evidentiary hearings in federal habeas proceedings initiated by state prisoners," with limited exceptions. *Id.* (citation omitted). An evidentiary hearing may be held only where petitioner "satisfies one of two narrow exceptions *and* demonstrates that the new evidence will establish his innocence by clear and convincing evidence." *Id.* at 371 (emphasis added) (internal quotation marks and citations omitted). The Court need not consider whether one of the exceptions applies here because Talbot cannot establish that the new evidence "will establish his innocence by clear and convincing evidence." *Id.*; 28 U.S.C. § 2254(e)(2)(B) (requiring petitioner to "establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense"). The attached email conversations and information from Talbot's friend do not provide the Court with any information previously unknown to the state courts. Although this conversation was newly uncovered, the Virginia Beach Circuit Court was aware of Talbot's contention that trial counsel "failed to investigate into plausible lines of defense," and rejected this argument as such decisions "are tactical decisions reserved to trial counsel." ECF No. 6

1-1 at 75. The email conversation reveals nothing to controvert the reasonableness of that determination or suggest Talbot's innocence. Accordingly, objections regarding the consideration of Talbot's attachments and requests for an evidentiary hearing are overruled.

5. <u>Remaining Challenges</u>

Finally, Talbot's objection contains general arguments related to his claims of ineffective assistance of counsel. Talbot does not specifically identify any error that he maintains the Magistrate Judge committed. Talbot does not address the Magistrate Judge's conclusion that Claims 1, 2, and 3 should be denied because the habeas court's ruling that trial counsel was not ineffective was not unreasonable or contrary to federal law or based on an unreasonable determination of the facts. R&R at 20, 24, 27. Talbot's conclusory arguments do not require the Court to conduct a further *de novo* review of the Report and Recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (holding that *de novo* review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations") (cleaned up). Nevertheless, a review of the record before the Court confirms the Magistrate Judge's conclusion.

Having reviewed the record and examined the objections filed by Talbot to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, the Court **ADOPTS** and **APPROVES** the findings and recommendations set forth in the Report and Recommendation. It is, therefore, **ORDERED** that the Respondent's Motion to Dismiss, ECF No. 23, be **GRANTED**, Petitioner's Motion to Grant Relief, ECF No. 30, be **DENIED**, and that the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that judgment be entered in favor of the Respondent.

Finding that the procedural basis for dismissal of Talbot's § 2254 Petition is not debatable,

and alternatively finding that Talbot has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Talbot is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R.App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Talbot intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within thirty (30) days** from the date of this Order. Talbot may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall forward a copy of this Order to Talbot and to counsel of record for the Respondent.

It is so **ORDERED**.

/s/ *[signature]*
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
September 24, 2024